# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 28, 2011 Session

## ESTATE OF SUE BRATTON THOMPSON

**Direct Appeal from the Chancery Court for Maury County**
**No. P646-08      Jim T. Hamilton, Chancellor**

---

**No. M2011-00411-COA-R3-CV - Filed March 14, 2012**

---

## SEPARATE CONCURRENCE

I fully concur in the result reached by the majority in this case. However, I write separately to express a different conclusion regarding the applicability of *White v. McBride*, 937 S.W.2d 796 (Tenn. 1996), to the instant case.

The majority correctly notes that *White* involved a contingent fee arrangement whereby the husband's attorney was to be paid one-third of any recovery from the wife's estate. *White*, 937 S.W.2d at 797. As the surviving spouse, the husband was entitled to $349,000 from his wife's estate, and based upon that figure, the attorney sought a $108,291.00 attorney fee. *Id.* at 799. The trial court found that the fee was "grossly disproportionate to the services [] rendered" and therefore, it found that the attorney could not recover under the contract. *Id.* However, it awarded the attorney a $12,500 fee based upon *quantum meruit*. This Court affirmed.

On appeal, our Supreme Court examined the issue of "whether the contingency fee contract itself and the [attorney's] subsequent attempt to enforce that contract contravened DR 2-106," the predecessor to RPC 1.5. *Id.* The Court agreed that the attorney fee sought was "clearly excessive," noting that the estate matter was "not terribly complicated or novel[,]" and therefore, it found the fee contract unenforceable. *Id.* at 801. However, the Court reversed the lower courts' judgments awarding an attorney fee on a *quantum meruit* basis, holding that "an attorney who enters into a fee contract, or attempts to collect a fee, that is clearly excessive under DR 2-106 should not be permitted to take advantage of [*quantum meruit*]." *Id.* at 803.

In the instant case, the majority apparently concludes that *all* allegedly excessive attorney fee requests–notwithstanding the absence of any fee contract–must be considered against *White* the backdrop. It is this conclusion with which I cannot agree. *White's* application has clearly been limited to cases involving contingent fee arrangements. ***See Alexander v. Inman***, 974 S.W.2d 689, 693 n.6 (Tenn. 1998) ("[B]ecause we find that the fee is not contingent, the recent case [of] *White v. McBride*, 937 S.W.2d at 803, is inapplicable to this case."); *see also Taylor v. Woods*, 282 S.W.3d 285, 294 (Ark. Ct. App. 2008) ("In support of [Appellant's] argument [that the attorney's claim was excessive, justifying the denial of a claim for fees,] [Appellant] relies on *White v. McBride*, . . . . However, such reliance is misplaced because [*White*] did not involve a claim against a decedent's estate for services performed for the decedent but rather a contingency contract with the surviving spouse based on a percentage of the amount of the estate awarded to that spouse by operation of law."). *Compare Hosier v. Crye-Leike Comm., Inc.*, No. M2008-01182-COA-R3-CV, 2001 WL 799740, at *7 (Tenn. Ct. App. July 17, 2001) (discussing *White* in a non-contingent-fee case, but ultimately concluding that the fee requested was not "clearly excessive," and therefore, not expressly considering whether *White* would also have been inapplicable because a contingent fee arrangement was not involved.).

Because the instant case does not involve a contingent fee agreement, I believe the *White* decision is not implicated, and thus, that the majority's discussion of whether *White* precludes the recovery of *any* fee is unnecessary. However, given the majority's ultimate conclusion that a reasonable fee is appropriate in this case, I concur in the result reached.

ALAN E. HIGHERS, P.J., W.S.